DECISION
Defendant-appellant, Troy J. Bradford, was indicted on five counts of aggravated burglary, six counts of kidnapping, one count of aggravated robbery and eight counts of robbery. Two of the robbery counts were dismissed during trial because they were duplicative. (Tr. 242.) The jury found appellant guilty of the remaining counts. The trial court sentenced appellant to consecutive sentences for each incident for a total of twenty-nine years of definite incarceration. Appellant filed a notice of appeal and raises the following assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED WHEN IT REFUSED TO ADMIT THE PHOTOGRAPHS OF THE OTHER SUSPECTS OF THE CRIMES INTO EVIDENCE.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE STATE COMMITTED PLAIN ERROR WHEN THE PROSECUTOR ARGUED EVIDENCE OUTSIDE THE RECORD DURING CLOSING ARGUMENT BY TELLING THE JURY THAT THE ODDS OF FIVE PEOPLE INDEPENDENTLY SELECTING THE WRONG PHOTOGRAPH WERE OVER SEVEN THOUSAND TO ONE. THE DEFENDANT WAS ALSO DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO OBJECT TO THIS COMMENT.
The charges arise out of five separate burglary incidents which the police believe were connected to a series of thirteen related incidents. The crimes were similar in that the perpetrator entered the homes of older female residents on the south side of Columbus and demanded money. Most of the victims had little or no cash available and defendant threatened and assaulted them and damaged their property. Appellant became a suspect as the result of an anonymous tip received through Crime Stoppers. (Tr. 248.) When appellant discovered he was a suspect, he turned himself in to the police and, at that time, his photo was shown on television. Appellant was identified as the perpetrator by five victims through a photo array. (Tr. 64, 90, 119, 152-154, 224.)
By the first assignment of error, appellant contends that the trial court erred when it refused to admit into evidence defense exhibits which were photo arrays of other possible suspects but which did not include a photo of appellant. (Defendant's Exhibits F, G, H, I, F-1, H-1 and I1.) The police detective in charge of investigating these crimes, Detective Strollo, testified that the other suspects were individuals that patrol officers in the area had suggested. (Tr. 202.) None of the victims in the thirteen related incidents identified any of these other possible suspects as the perpetrator. (Tr. 204.) Only one of the five victims involved in this case was shown any of the defense exhibits. The state put together a photo array which included appellant's photo and was shown to the other four victims in this case. The state's photo arrays which were used were admitted into evidence.
Appellant asserts that these defense exhibits were relevant to the issue of whether appellant could have been erroneously identified since the prosecution's case depended solely upon eyewitness identification. The only defense array shown to any of the victims involved in this case was Defendant's Exhibit G-1, which was the first of two photo arrays shown to victim Myra Wade. Defendant's Exhibit G-1 was a photo array which did not include appellant's photo. (Tr. 254.) Wade did not choose any suspects from that photo array. (Tr. 88.) The trial court admitted Defendant's Exhibit G-1 as a joint exhibit so it is not at issue here. There is no other evidence that the other four victims in this case were shown defendant's exhibits before trial. When two of the victims were shown Defendant's Exhibits F-1, G-1, H-1 and I-1 in court, none of the photos seemed familiar. (Ikehorn Tr. 72, 79; Hartig Tr. 163-164.)
Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The trial court has broad discretion in the admission or exclusion of evidence and, in the absence of an abuse of discretion which results in material prejudice to a defendant, an appellate court should be slow to reverse evidentiary rulings. Krischbaum v.Dillon (1991), 58 Ohio St.3d 58, 66. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Since there was no evidence that defendant's exhibits which were excluded were shown to the victims before trial, there is no indication that they tend to make the existence of any fact more or less probable and the trial court did not abuse its discretion in excluding them as irrelevant. Appellant's first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the prosecutor argued evidence outside the record during closing argument. The prosecutor, during closing argument, stated as follows:
 Remember we talked about President Clinton. Take it up to the north pole. Find some Eskimos, give a description, pick him out. Odds are one in six he picks out the right person. Two people do it, one in thirty-six. Odds are five people independently selecting the same photograph at random over seven thousand to one. That didn't happen. [Tr. 290.]
Appellant contends that this statement of the odds of seven thousand-to-one was evidence outside the record and prejudicial. Defense counsel did not object to the statement so the statement must be reviewed under the plain error standard. Crim.R. 52(B) allows a reviewing court to reverse for error which affects substantial rights but was not preserved as error for appeal. Even though the application of plain error is to be taken with the utmost caution, it is sometimes necessary, under exceptional circumstances, in order to prevent a miscarriage of justice.State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. "Plain error is found where, but for the error, the outcome of the trial would have been otherwise." State v.Franklin (1991), 62 Ohio St.3d 118, 128, certiorari denied,Franklin v. Ohio (1992), 504 U.S. 960.
Prosecutors are given considerable latitude during closing arguments. State v. Maurer (1984), 15 Ohio St.3d 239,269, certiorari denied, Maurer v. Ohio (1985), 472 U.S. 1012. "The test for prosecutorial misconduct in closing argument is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused." Statev. White (1998), 82 Ohio St.3d 16, 22, certiorari denied, White v.Ohio (1998), 119 S.Ct. 623.
Even if the remark was an error, it did not prejudicially affect appellant's substantial rights. The eyewitness testimony in this case was strong — five victims testified about the incidents. Each witness had an opportunity to view the attacker for a substantial time period under good lighting conditions. Each was positive about the identification. The only somewhat questionable identification was made by Shoup. Shoup identified another individual initially when shown a photo array, State's Exhibit 8, while at the hospital. Two days later, she picked appellant's picture out of another photo array, State's Exhibit 6. Shoup testified she initially identified another person because she was too upset while being treated at the hospital (Tr. 118), and she had not been confident about the identification she initially made. The police officer testified she picked no one initially.
Appellant's picture was shown on television after he turned himself in to the police but all of the witnesses had identified appellant before, except Shoup; however, Shoup testified that she did not see anything on television or in the newspaper concerning the incidents. (Tr. 129.) Detective Strollo testified that pictures of appellant were not published until after appellant had turned himself in to the police.
The jury was instructed twice that closing arguments are not evidence. (Tr. 40, 257.) The jury is presumed to follow instructions given by the court. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus. Thus, the convictions are based on the eyewitness testimony and the prosecutor's comment, if error, did not prejudicially affect appellant's substantial rights.
In the second assignment of error, appellant also contends that the failure of defense counsel to object to the prosecutor's comment constituted ineffective assistance of counsel. In order to demonstrate that his counsel's representation was ineffective, appellant must demonstrate that: (1) counsel's performance was deficient; and (2) this deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 687. "A defendant does not state a claim for ineffective assistance of counsel unless his attorney acted unreasonably given the facts of the case, and the unreasonable conduct was prejudicial to the defense." State v. Mills (1992),62 Ohio St.3d 357, 370, certiorari denied, Mills v. Ohio (1992),505 U.S. 1227. Counsel need not raise meritless issues. State v.Hill (1996), 75 Ohio St.3d 195. Since we have determined that the comment, if error, did not prejudicially affect appellant's substantial rights, defense counsel did not render ineffective assistance of counsel.
In State v. Braxton (June 6, 1985), Franklin App. No. 84AP-924, unreported (1985 Opinions 1614, 1620), this court held that, where the failure to object does not constitute plain error, the issue cannot be reversed by claiming ineffective counsel. Thus, appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.